UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| DOCTOR'S ASSOCIATES, INC., | : | |
|---|---|---|
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 17-CV-323 (JCH) |
| v. | : | |
| | : | |
| IVARS REPINS, | : | JANUARY 22, 2018 |
| Defendant. | : | |
| | : | |

**RULING RE: MOTION TO COMPEL ARBITRATION (DOC. NO. 1) AND MOTION TO DISMISS (DOC. NO. 17)**

This case initially came before the court pursuant to a Motion to Compel Arbitration (Doc. No. 1) filed by the plaintiff, Doctor's Associates, Inc. ("DAI"), against the defendant, Ivars Repins ("Repins"). DAI sought this court's order compelling arbitration of claims arising out of a franchise agreement entered into by DAI, the franchisor of Subway™ restaurants, and Repins, a franchisee. On April 6, 2017, Repins filed a document initially styled on the docket as "Answer to Complaint" (Doc. No. 17). On May 4, 2017, this court issued a Ruling (Doc. No. 18) on DAI's Motion to Compel as well as a Motion for Permanent Injunction (Doc. No. 3) filed by DAI. That Ruling granted DAI's Motion to Compel and denied DAI's Motion for Permanent Injunction.[1] Pursuant to that Ruling, judgment entered in favor of DAI and the above-captioned case was closed. See Judgment (Doc. No. 19).

On or about October 19, 2017, Repins contacted the District of Connecticut Clerk's Office to ascertain the outcome of this case, asserting that he had never

---

[1] The court does not revisit the aspect of its Ruling denying the Motion for Permanent Injunction here. Therefore, the Motion for Permanent Injunction (Doc. No. 3) is denied as stated in the court's May 4, 2017 Ruling. See Ruling (Doc. No. 18) at 15–18.

1

received notice of the case's outcome.[2] The court mailed Repins the Ruling (Doc. No. 18) and Judgment (Doc. No. 19) on October 19, 2017. Subsequently, Repins filed a Motion for Relief from Judgment (Doc. No. 20) on October 27, 2017, specifically requesting that this court grant him leave to appeal despite the appeal deadline having expired, in light of the fact that he did not receive notice of the Judgment entered in this case.[3] Mot. for Relief from Judgment (Doc. No. 20) at 2.

Upon receipt of Repins's Motion for Relief from Judgment, the court reviewed the filings and identified that docket number 17, styled on the docket as "Answer to Complaint," actually contains two separately styled documents: (1) "Defendant's Answer / Response to Doctor's Associates, Inc. ('Subway') Petition to Compel Arbitration" (Doc. No. 17) at 1; and (2) "Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's Petition for Lack of Subject Matter Jurisdiction / Alternately for other relief" (Doc. No. 17) at 6. Upon discovering this error, the court issued an Order to Show Cause (Doc. No. 22) to DAI why the Judgment should not be vacated to permit the court to rule on Repins's Motion to Dismiss. On November 17, 2017, DAI filed a Response (Doc. No. 23) to the court's Order to Show Cause stating that it had no objection to the court vacating its Judgment and ruling on Repins's Motion to Dismiss. Absent objection, the court vacated its Judgment of May 4, 2017. See Order (Doc. No.

---

[2] The court notes that it is unclear why Repins did not receive notice of the Judgment in this case, as the docket reflects that copies of the court's May 4, 2017 Ruling (Doc. No. 18) and Judgment (Doc. No. 19) were mailed to Repins at his address, which has not changed since the case was filed.

[3] Repins also asserted that the court's Judgment of May 4, 2017, was entered in violation of a stay pursuant to title 11, chapter 362(a) of the United States Code. See Motion for Relief from Judgment (Doc. No. 20) at 1. This argument is now moot in light of the court's decision to vacate its May 4, 2017 Ruling. The court notes that a stay pursuant to title 11, chapter 362(a) of the United States Code is no longer in effect because the bankruptcy proceedings in question terminated on October 3, 2017. See In re Repins, No. 17-23144-svk (E.D. Wis.).

2

24). The court also directed to the Clerk's Office to rename document number 17 "Motion to Dismiss / Answer to Complaint."[4]

For the reasons that follow, Repins's Motion to Dismiss (Doc. No. 17) is denied and DAI's Motion to Compel Arbitration (Doc. No. 1) is granted in part and denied in part.

**I.     BACKGROUND**

On May 13, 2002, the parties signed Franchise Agreement Number 903 for the operation of a Subway restaurant. Ex. A, Mot. to Compel (Doc. No. 1-1). Eight years later, on September 22, 2010, they signed Franchise Agreement Number 25752 (Doc. No. 1-2). Ex. B, Mot. to Compel (Doc. No. 1-2). Franchise Agreement Number 25752 states that it "has revised provisions regarding [topics including] dispute resolution," and that Repins "agree[s] to accept the provisions set forth in [sections including] Paragraph[ ] 10" in Franchise Agreement Number 25752 "to the amendment of all of [Repins's] other existing Franchise Agreements with [DAI] to include these provisions." Id. at ¶ 14.

Paragraph 10 of Franchise Agreement Number 25752 governs arbitration, and provides the following:

> Any dispute, controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration. . . .

---

[4] The court notes that Repins, proceeding pro se, did not include a document entitled "Motion to Dismiss," but only a document styled "Memorandum in Support of Motion to Dismiss." The court construes this document as both a motion and a memorandum. Through this Ruling, the court will refer to pages 6–13 of document number 17 as Repins's "Motion to Dismiss," and will refer to pages 1–5 of document number 17 as Repins's "Answer."

3

> The parties agree that Bridgeport, Connecticut shall be the site for all arbitration hearings held under this Paragraph 10 . . . .
>
> If you breach the terms of your Sublease, the Sublessor, whether us or our designee, may exercise its rights under the Sublease, including your eviction from the franchised location. Any action brought by the Sublessor to enforce the Sublease (which provides that a breach of the Franchise Agreement is a breach of the Sublease), is not to be construed as an arbitrable dispute. . . .
>
> You agree that our Affiliates, shareholders, directors, officers, employees, agents and representatives, and their affiliates, shall not be liable nor named as a party in any arbitration or litigation proceeding commenced by you where the claim arises out of or relates to this Agreement. You further agree that the foregoing parties are intended beneficiaries of the arbitration clause; and that all claims against them that arise out of or relate to this Agreement must be resolved with us through arbitration . . . .
>
> Any disputes concerning the enforceability or scope of the arbitration clause shall be resolved pursuant to the Federal Arbitration Act, 9 U.S.C. § et seq. ("FAA"), and the parties agree that the FAA preempts any state law restrictions (including the site of the arbitration) on the enforcement of the arbitration clause in this Agreement. . . . If, prior to the Arbitrator's final decision, either we or you commence an action in any court of a claim that arises out of or relates to this Agreement (except for the purpose of enforcing the arbitration clause or as otherwise permitted by this Agreement), that party will be responsible for the other party's expenses of enforcing the arbitration clause, including court costs, arbitration filing fees and other costs and attorney's fees.
>
> If a party [ ] commences action in any court, except to compel arbitration, or except as specifically permitted under this agreement, prior to an arbitrator's final decision . . . then that party is in default of this Agreement. . . . The defaulting party will be responsible for all expenses incurred by the other party, including lawyers' fees.

Id. ¶ 10.

On August 12, 2015, a Wisconsin court granted a judgment of eviction to Subway

4

Real Estate, LLC ("SRE") against Repins, in a case entitled <u>Subway Real Estate, LLC, v. Repins</u>, Case No. 15SC017457 ("the Wisconsin Lawsuit"). <u>See</u> Ex. C, Mot. to Compel (Doc. No. 1-3) at 2. SRE is DAI's leasing affiliate. <u>See</u> Motion to Compel at ¶ 10; Answer at ¶ 10.

Also on August 12, 2015, Repins, via counsel, filed a document in the Wisconsin Lawsuit, in which Repins asserted what he referred to as "affirmative defenses/claims." <u>See</u> Ex. D, Mot. to Compel (Doc. No. 1-4). Repins "affirmatively state[d]" that DAI "is an indispensable party which must be joined in" the Wisconsin Lawsuit. <u>Id.</u> at ¶ 1. Repins also argued that SRE, by filing the Wisconsin Lawsuit, "has waived the arbitration provision of the agreements between" Repins, SRE, and DAI. <u>Id.</u> at ¶ 5. On October 2, 2015, Repins, via counsel, sent DAI an email stating that Repins "intends to join [DAI] into the [Wisconsin Lawsuit] likely as an involuntary plaintiff." <u>See</u> Ex. F, Mot. to Compel (Doc. No. 1-6) at 2.

In response, DAI filed its first lawsuit against Repins in this court ("the First Federal Lawsuit"), seeking to compel arbitration. <u>See</u> <u>Doctor's Associates, Inc. v. Repins</u>, Case No. 3:15-cv-1450 (JCH). In a Memorandum in Support of a Motion to Dismiss the First Federal Lawsuit, Repins stated that he "ha[d]n't decided whether to join [DAI] in [the Wisconsin Lawsuit]." Mem. in Supp. of Mot. to Dismiss First Federal Lawsuit (Doc. No. 14-1, Case No. 15-cv-1450) at 2. Thereafter, DAI filed a Notice of Voluntary Dismissal in the First Federal Lawsuit. In that Notice, DAI represented that "given the current limbo state of Repins's claims and his apparent indecisiveness, DAI does not believe that continued prosecution of the Petition [to Compel Arbitration] warrants further use of the Court's, or the parties', time and resources." Notice of

Voluntary Dismissal (Doc. No. 16, Case No. 15-cv-1450) at 2. DAI reserved the right to move to compel arbitration in the future "if Repins takes any steps to assert claims against DAI or based on DAI's conduct." Id.

On February 13, 2017, Repins filed a document entitled "Defendant's Witness List and Itemization of Damages" in the Wisconsin Lawsuit. Ex. G, Mot. to Compel (Doc. No. 1-7). In that document, Repins listed witnesses who would testify as to topics involving both SRE and DAI. See id. at 2–3. Under the section entitled "Itemization of Damages," Repins lists (1) "losses associated with the lost sale of [Repins's] business and restaurant equipment . . . . $60,000 plus interest," (2) "lost future profits resulting from the forced closing of [Repins's] business due to it being made unprofitable but for the leasing of adjacent Subway Restaurants by [SRE]. . . . $300–450,000 plus interest," (3) "Loss of [Repins's or Repins's company's] investment improvements made to the leased space. $155,000, plus interest," (4) "Damages associated with [SRE's] infliction of emotional distress, including expense for counseling, out-of-pocket expenses for medication, collectively approx. $4,000, plus pain & suffering," and (5) costs and attorney's fees. Id. at 3.

On February 23, 2017, DAI brought the present lawsuit.

## II. DISCUSSION

In his Motion to Dismiss, Repins argues that DAI's Motion to Compel Arbitration should be denied for five reasons: (1) this court lacks subject matter jurisdiction because the amount in controversy is less than $75,000, Mot. to Dismiss (Doc. No. 17) at 8–9; (2) the arbitration clause is unenforceable because the entire franchise agreement is unconscionable, id. at 10–12; (3) DAI is not a party to the Wisconsin Lawsuit and therefore the Wisconsin Lawsuit does not violate the arbitration agreement,

id. at 7; (4) DAI waived its right to enforce the arbitration agreement by attempting to litigate the matter initially, id. at 12; and (5) the defense of laches bars the above-captioned suit because DAI waited too long to bring suit and, in so doing, prejudiced Repins, id. DAI filed a Memorandum in Opposition to Repins's Motion to Dismiss ("Pl.'s Response") (Doc. No. 26) on December 12, 2017.

As a threshold matter, the court notes that it is unclear what, if any, legal significance there is to attacking a Motion to Compel Arbitration with a Motion to Dismiss as opposed to an Answer.[5] With respect to the subject matter jurisdiction issue in particular, the court has analyzed Repins's arguments within the framework of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), as described in the following subsection, infra Section II(A). However, with respect to Repins's remaining claims, the court concludes that the appropriate analytical framework is governed by the standard for motions to compel arbitration, not the standard for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted).[6] Therefore, while the court has reviewed and considered the arguments as raised in Repins's Motion to Dismiss, not his Answer (as well as DAI's Response to Repins's Motion to Dismiss), the court notes that this Ruling is largely consistent with its Ruling of

---

[5] Indeed, aside from styling pages 6–13 of document number 17 as a "Memorandum in Support of Motion to Dismiss" and introducing his arguments as "reasons" why DAI's "petition should be dismissed," Repins does not cite Federal Rule of Civil Procedure 12 or otherwise distinguish the arguments raised in his Motion to Dismiss from those raised in his Answer. Mot. to Dismiss at 6.

[6] In fact, the court was unable to find any other case in which a motion to dismiss was filed in response to a motion to compel arbitration, with the exception of Repins's previous Motion to Dismiss filed in the First Federal Lawsuit, where he was similarly proceeding pro se. See Motion to Dismiss (Doc. No. 14, Case No. 15-cv-1450).

7

May 4, 2017, as described in more detail in the discussion that follows.

    A.    <u>Subject Matter Jurisdiction</u>

This court has diversity jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between[ ] citizens of different States." 28 U.S.C. § 1332(a)(1). In its Memorandum in Support of its Motion to Compel Arbitration ("Pl.'s Mem."), DAI states that this court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000 because "Mr. Repins alleges in the Wisconsin Litigation . . . that he suffered losses of at least $500,000." Pl.'s Mem. (Doc. No. 1-9) at 6; <u>see also</u> Mot. to Compel (Doc. No. 1) at ¶ 4 (alleging diversity jurisdiction as the sole basis for this court's subject matter jurisdiction). In his Motion to Dismiss, Repins does not dispute that the parties have diversity of citizenship, but asserts that the amount in controversy does not exceed $75,000 because "even though I've made a damages claim which is greater, if you look at the facts, I'll probably not be able to prove much more than $50,000." Mot. to Dismiss at 9.

At the pleading stage, the burden for a plaintiff to satisfy the amount-in-controversy requirement is low: courts "recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" <u>Scherer v. Equitable Life Assurance Soc'y of U.S.</u>, 347 F.3d 394, 397 (2d Cir. 2003) (quoting <u>Wolde-Meskel v. Vocational Instruction Project Cmty. Servs. Inc.</u>, 166 F.3d 59, 63 (2d Cir. 1999)). In order to overcome this presumption, Repins must show "to a legal certainty" that the amount recoverable does not meet the jurisdictional threshold. <u>Id.</u> (quoting <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288–89 (1938)).

Repins has not met that burden here.  To the contrary, Repins's own statements of damages in the Wisconsin Lawsuit amount to approximately $670,000.  See Ex. G, Mot. to Compel (Doc. No. 1-7) at 3.  Far from showing "to a legal certainty" that the amount in controversy is less than $75,000, Repins has provided no specific facts or exhibits to support his vague argument that he'll "probably not be able to prove much more than $50,000."[7]

The Second Circuit considered and rejected virtually the same argument that Repins is raising in a different case involving DAI, Doctor's Associates, Inc. v. Hamilton. 150 F.3d 157, 160–61 (2d Cir. 1998).  In that case, the defendant brought suit in New Jersey claiming damages of over $1,000,000.  Id. at 160.  When DAI moved in the District of Connecticut to compel arbitration, the defendant argued that the amount in controversy did not exceed $75,000 because the franchise agreement capped damages at $50,000.  Id.  The Second Circuit rejected that argument, reasoning as follows:

> Should the parties proceed to arbitration and DAI prevail, DAI would have defeated a claim in excess of $1 million in damages.  Therefore, the district court properly concluded that notwithstanding the liability cap in the contract, the amount-in-controversy requirement had been met as it oculd not be said to a 'legal certainty' that the award resulting from Hamilton's claims would not exceed the $75,000 jurisdictional minimum.

Id. at 161.

The Second Circuit's reasoning in Hamilton is directly applicable to this case.  The court therefore concludes that DAI has satisfied the amount-in-controversy

---

[7] The court notes that, as previously stated with respect to Repins's argument that his claims were likely worth less than the amount he alleged in the Wisconsin Lawsuit, this argument is troubling, as it suggests that Repins has been disingenuous with either the Wisconsin state court or with this court. See Ruling (Doc. No. 22) at 6–7.

9

requirement for diversity jurisdiction.[8]

B. Unconscionability

Pursuant to the Federal Arbitration Act ("FAA"), title 9, sections 1 through 16 of the United States Code, courts are required "to enforce privately negotiated agreements to arbitrate . . . in accordance with their terms." Volt Info. Scis., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989). Section four of the FAA states that a court must compel arbitration where (1) the dispute is arbitrable, pursuant to a valid agreement to arbitrate, and (2) "one party to the agreement has failed, neglected or refused to arbitrate." LAIF X SPRL v. Axtel, S.A. de C.V., 390 F.3d 194, 198 (2d Cir. 2004). See 9 U.S.C. § 4.

Repins argues that he should not be compelled to arbitrate because "the Subway franchise agreement is procedurally or substantively unconscionable." Mot. to Dismiss at 10. In support of that argument, Repins cites both the terms of the agreement—which states that arbitration must take place in Connecticut despite the franchise itself being located in Wisconsin—and DAI's alleged misconduct of locating competing franchises in close proximity to his franchise. Id.

First, the Supreme Court has explicitly held that challenges to a contract (such as the franchise agreement) as a whole as unconscionable are irrelevant "to a court's determination whether the arbitration agreement at issue is enforceable." Rent-A-Center v. Jackson, 561 U.S. 63, 70 (2010). In other words, if a challenge is made to a contract that includes an arbitration provision, but not to the arbitration provision

---

[8] As noted above, Repins does not dispute that the parties are citizens of different states. See Answer at ¶¶ 2–3 (admitting that DAI is a Florida corporation with its principal place of business in Connecticut and that Repins is a Wisconsin resident).

10

specifically, the challenge to the contract as a whole must be reserved for the arbitrator. See id. ("[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate."). Because Repins's unconscionability argument attacks "the Subway franchise agreement," as opposed to the arbitration provision specifically, this court has no authority to reach the issue of unconscionability. Mot. to Dismiss at 10.

Second, even if this argument could be construed as an attack on the arbitration provision specifically, the parties have agreed that the unconscionability of the arbitration provision is a matter for the arbitrator to determine. See Ex. B, Mot. to Compel at ¶ 10(f); see also Rent-A-Center, 561 U.S. at 68–70 (recognizing the validity of delegation provisions in arbitration agreements under the FAA). The delegation provision in the parties' franchise agreement expressly provides that "[a]ny disputes concerning the enforceability or scope of the arbitration clause shall be resolved pursuant to the [FAA], and the parties agree that the FAA preempts any state law restrictions (including the site of the arbitration) on the enforcement of the arbitration clause in this Agreement." Ex. B, Mot. to Compel (Doc. No. 1-2) at ¶ 10(f). In the May 4, 2017 Ruling, this court concluded that unconscionability of the arbitration clause was among the questions delegated to the arbitrator in the franchise agreement's delegation provision. See Ruling (Doc. No. 18) at 9–10 (declining to reach the question of whether the arbitration clause is procedurally or substantively unconscionable because "there is clear and unmistakable evidence from the arbitration agreement" that the parties intended to delegate the question of unconscionability to the arbitrator). Upon review of Repins's Motion to Dismiss, the court reaches the same conclusion that it reached with

respect to Repins's Answer and, therefore, incorporates its legal analysis and conclusions from the May 4, 2017 Ruling on this issue. See id.

    C.    <u>Repins's Additional Claims</u>

Repins raises three additional arguments in his Motion to Dismiss: (1) he (Repins) is not attempting to litigate claims against DAI, Mot. to Dismiss at 7; (2) DAI waived its right to enforce the arbitration agreement by attempting to litigate the matter initially, id. at 12; and (3) the defense of laches bars the above-captioned suit because DAI waited too long to bring suit and, in so doing, prejudiced Repins, id.

The court addressed each of these arguments in its May 4, 2017, Ruling and concluded, as to each of them, that they were matters delegated to the arbitrator by the delegation provision in the parties' franchise agreement. See Ruling (Doc. No. 18) at 11 ("[I]t is for the arbitrator to decide whether the arbitration provision is properly interpreted to include or exclude Repins's claims against SRE."); id. at 12–13 (concluding that waiver and laches are "arguments for the arbitrator"). The court has reviewed the Motion to Dismiss and its Ruling of May 4, 2017, and concluded that its prior Ruling applies with equal force to these arguments as stated in the Motion to Dismiss as it did to these arguments as stated in the Answer. Therefore, the court affirms and incorporates in full its legal analysis and conclusions as to Repins's additional claims. See id. at 11–13.

    D.    <u>Fees and Costs</u>

In its Motion to Compel arbitration, DAI asked this court for an order directing Repins to "pay all of DAI's and its affiliates' expenses, including costs and attorneys' fees, incurred in connection with compelling arbitration." Mot. to Compel at ¶ 25. Repins, appearing pro se, did not address the question of fees and costs in either his

Answer or his Motion to Dismiss. See generally Motion to Dismiss / Answer (Doc. No. 17). In the Ruling of May 4, 2017, this court concluded that the question of fees and costs could not properly be addressed until an arbitrator had determined the applicability of the arbitration clause to Repins's claims. Ruling (Doc. No. 18) at 13–14. In its Response to Repins's Motion to Dismiss, filed after the court vacated its Judgment of May 4, 2017, DAI did not address the matter of fees and costs. See generally Pl.'s Response (Doc. No. 26). Therefore, the court addresses the issue of costs and fees only to adopt its conclusion in its Ruling of May 4, 2017, that it cannot make a determination as to costs and fees absent a ruling from an arbitrator as to the applicability or enforceability of the arbitration clause.

## III.  CONCLUSION

For the foregoing reasons, Repins's Motion to Dismiss is **DENIED** and DAI's Motion to Compel Arbitration is **GRANTED IN PART AND DENIED IN PART**. Repins is ordered to arbitrate the claims that he raised or could have raised against DAI or any of its affiliates, including but not limited to SRE, in an arbitration against DAI in the manner provided by the franchise agreement. The case is closed.

**SO ORDERED.**

Dated at New Haven, Connecticut this 22nd day of January, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge